# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KIM BENDER, on behalf of herself and others similarly situated,** | ) |
| | ) CASE NO. |
| Plaintiff, | ) |
| | ) JUDGE |
| v. | ) |
| | ) **CLASS AND COLLECTIVE ACTION** |
| | ) **COMPLAINT** |
| **SECURITAS ELECTRONIC SECURITY, INC.,** | ) |
| | ) **JURY DEMAND ENDORSED** |
| | ) **HEREON** |
| Defendant. | ) |
| | ) |

Now comes Plaintiff Kim Bender, by and through counsel, and for her Complaint against Securitas Electronic Security, Inc. ("Securitas" or "Defendant") states and alleges the following:

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act").

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction of Plaintiff's Ohio Wage Act claim pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and Division and because conducts business throughout this District and Division.

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Stark County. Plaintiff's Consent to Join Form is attached hereto.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and the Ohio Wage Act.

7. At all times relevant herein, Defendant was a for-profit corporation, organized and existing under the laws of the State of Delaware, doing and conducting business throughout various states in the United States, including in this District and Division, and has its principle office in this District and Division.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and the Ohio Wage Act.

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant is in the business of providing security monitoring and other related services to customers throughout the United States.

14. Defendant operates customer service / dispatch call centers in Ohio, among other places.

15. At all times material to this Complaint, Plaintiff worked as a Customer Service Representative and/or Dispatcher in Defendant's Uniontown, Ohio call center.

16. Other similarly situated employees were employed by Defendant as Customer Service Representatives, Customer Care Representatives and Dispatchers.

17. Plaintiff and other similarly situated Customer Service Representatives, Customer Care Representatives and Dispatchers were classified by Defendant as non-exempt employees.

18. Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

19. Plaintiff and other similarly situated employees were paid on an hourly basis.

20. Plaintiff and other similarly situated employees answered inbound telephone calls from customers and responded to customer emails regarding customers' alarms and other customer service issues.

**(Failure to Pay For Time Spent Starting and Log In and Out of Defendant's Computer Systems and Applications)**

21. Plaintiff and other similarly situated employees were expressly directed not to clock in prior to the start of their scheduled start times.  Defendant required, however, that Plaintiff and other similarly situated employees be ready to take their first call promptly at their scheduled start times.

22. Thus, Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendant's computer systems and software applications.

23. Similarly, Plaintiff and other similarly situated employees were required to clock out precisely at the end of their scheduled shifts.  Defendant required, however, that Plaintiff and other similarly situated employees log out of and shut down Defendant's computer systems and

software applications at the end of their scheduled end times.

24. Thus, Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work after clocking out each day, including, but not limited to, logging out of and shutting down Defendant's computer systems and software applications.

25. By common policy and practice, Plaintiff and other similarly-situated employees were required to have their computers booted up and have several applications running before the start of their shifts so that they could take their first call at their scheduled start times.

26. By common policy and practice, Plaintiff and other similarly situated employees were required to log out of and shut down their computers after the end of their shifts.

27. Defendant arbitrarily failed to count this pre-shift and post-shift work performed by Plaintiff and other similarly-situated employees as "hours worked."

28. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

29. Plaintiff estimates that she spent approximately 10-15 minutes performing the above-described pre-shift and post-shift work each day.

30. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

31. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendant's computer systems and applications and clock out after the logged out of and shut down Defendant's computer systems and applications.

32. This unpaid work performed by Plaintiff and other similarly-situated employees

4

constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

33. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees. Specifically, they cannot perform their work without booting up and starting Defendant's computer systems and applications. And, they are required to log out and shut down Defendant's computer systems and applications at the end of their workday.

34. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated employees for booting up and logging into Defendant's computer systems and applications during which they performed work that managers and/or other agents and/or representatives / dispatchers observed.

35. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated employees for logging out of and shutting down Defendant's computer systems and applications during which they performed work that managers and/or other agents and/or representatives observed.

**(Failure to Pay Overtime Compensation)**

36. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

37. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

38. Defendant failed to make, keep and preserve records of the unpaid work performed

by Plaintiff and other similarly-situated employees before clocking in each day.

39. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work before clocking in and after clocking out amounted to approximately 10-15 minutes when Defendant's computer systems were working properly, or longer when Defendant's computer systems were slow or not working.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings Count One of the action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

41. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as:

> All former and current Customer Service Representatives, Customer Care Representatives and Dispatchers employed by Defendant between April 3, 2015 and the present.

42. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of more than three hundred people.

43. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

44. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be

notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class (the "Ohio Class") defined as:

> All former and current Customer Service Representatives, Customer Care Representatives and Dispatchers employed by Defendant between April 3, 2016 and the present.

46. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, aver that it consists of at least several hundred persons.

47. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> a) whether Defendant failed to pay overtime compensation to its Customer Service Representatives, Customer Care Representatives and Dispatchers for hours worked in excess of 40 each workweek; and
>
> b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of the Ohio Wage Act.

48. Named Plaintiff Bender will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

49. The questions of law or fact that are common to the Ohio Class predominate over

any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

50. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in and after clocking out each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

53. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

54. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

55. By engaging in the above-mentioned conduct, Defendant willfully, knowingly

and/or recklessly violated the provisions of the FLSA.

56. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Ohio Wage Act Violations)**

57. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in and after clocking out each day violated the Ohio Wage Act.

59. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the Ohio Wage Act.

60. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the Ohio Wage Act.

61. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the Ohio Wage Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

      A.      Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

      B.      Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

      C.      Award Plaintiff and the class she represents actual damages for unpaid overtime compensation;

      D.      Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the classes;

      E.      Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

      F.      Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

      G.      Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher, LLC

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Shannon M. Draher*
Shannon M. Draher

11